**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000849**
**26-JUN-2019**
**07:49 AM**

NOS. CAAP-17-0000849 AND CAAP-18-0000032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VENTURES TRUST 2013-I-H-R BY MCM CAPITAL
PARTNERS, LLC, ITS TRUSTEE, Plaintiff-Appellee,
v.
ANDREA LAURIN, Defendant-Appellant,
and
ANDREA GIAMMETTEI; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. SOLELY AS NOMINEE FOR HOME SAVINGS
MORTGAGE, INC.; WAIAKOA ESTATES PROPERTY OWNERS ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEALS FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0975(3))

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

These consolidated appeals arise out of a judicial foreclosure action.  Defendant-Appellant Andrea Laurin (**Laurin**) appeals from a "Judgment" (**Judgment Confirming Sale**) and "Writ of Ejectment", both filed on October 26, 2017,[1] in the Circuit Court

---

[1]  The Judgment Confirming Sale and Writ of Ejectment were granted pursuant to the Circuit Court's "Order Granting Plaintiff's Motion For Confirmation of Sale, Distribution of Proceeds, and For Writ of Ejectment" (**Order Confirming Sale**), also filed on October 26, 2017.

of the Second Circuit (**Circuit Court**),[2] and an "Order Denying Defendant Andrea Laurin's HRCP 55(c) and 60(b) Motion to Set Aside Default and For Relief from Foreclosure Judgments" (**Order Denying Relief**), filed on December 18, 2017, all in favor of Plaintiff-Appellee Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC its Trustee (**Ventures**).

On appeal, Laurin contends that the Circuit Court: (1) erred in entering its Order Confirming Sale, Judgment Confirming Sale, and Writ of Ejectment, and in denying "Defendant Andrea Laurin's HRCP 55(c) and 60(b) Motion to Set Aside Default and For Relief From Foreclosure Judgments" (**Motion for Relief**) because Ventures failed to demonstrate its standing to enforce the subject promissory note; (2) abused its discretion in denying relief from the underlying foreclosure judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(6) based upon the negligence of Laurin's prior counsel; (3) abused its discretion in granting "Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and For Writ of Ejectment" (**Motion For Confirmation**) because the sales price of $690,000 was grossly inadequate such that it shocks the conscience; and (4) erred in granting Ventures's belated request for attorneys' fees and costs incurred prior to the entry of the underlying foreclosure judgment, in violation of HRCP Rule 54(d).

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Laurin's points of error as follows, and we affirm.

I.   **Laurin's challenge to Ventures's standing is precluded under the doctrine of *res judicata*.**

The "Complaint for Foreclosure" (**Complaint**) was filed against, *inter alia*, Laurin, on December 12, 2012. On July 10, 2014, "Plaintiff's Motion for Default and/or Summary Judgment

---

[2] The Honorable Joseph E. Cardoza presided.

2

Against all Parties and For Interlocutory Decree of Foreclosure" (**Plaintiff's MDJ/MSJ**) was filed in the Circuit Court.[3] On April 23, 2015, the Clerk of the Circuit Court entered default against Laurin, who did not file an answer to the Complaint or an opposition to Plaintiff's MDJ/MSJ. On June 3, 2015, the Circuit Court entered its "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Default and/or Summary Judgment Against all Parties and for Interlocutory Decree of Foreclosure" (**Order Granting MDJ/MSJ**) and accompanying "Judgment" (**Foreclosure Judgment**) in favor of Ventures. Laurin did not appeal from the Foreclosure Judgment and thus the Foreclosure Judgment became final and binding. <u>Mortg. Elec. Registration Sys. Inc. v. Wise</u>, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013).

Similar to the circumstances in <u>Wise</u>, the Foreclosure Judgment in the instant case, filed June 3, 2015, "determined the merits of the controversy, rendering subsequent proceedings incident to its enforcement." <u>Wise</u>, 130 Hawai'i at 17, 304 P.3d at 1198 (internal quotation marks, brackets, and citation omitted). Because Laurin did not appeal from the Foreclosure Judgment, Laurin is precluded under the doctrine of res judicata from challenging Ventures's standing in this appeal from the Judgment Confirming Sale "despite the general proposition that a lack of standing may be raised at any time", as challenges to Ventures's standing "were subsumed under the foreclosure judgment, which had became final and binding." <u>Id.</u>

Here, on March 21, 2017, nearly two years after the Foreclosure Judgment had been entered and no appeal therefrom having been filed, Ventures filed its Motion for Confirmation.

---

[3] The Complaint and Plaintiff's MDJ/MSJ were filed by the original plaintiff in this action, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP (**Bank of America**). On April 9, 2015, Bank of America filed a motion to substitute Ventures in its place as plaintiff in the instant action, which the Circuit Court subsequently granted on April 29, 2015.

It was only in Laurin's opposition to Ventures's Motion for Confirmation, filed on May 2, 2017, where Laurin first argued, *inter alia*, that Ventures had failed to establish its standing in this foreclosure action pursuant to Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017). Similarly, in Laurin's Motion for Relief, filed on May 5, 2017, Laurin sought to vacate the default entered against him and to set aside the underlying Foreclosure Judgment because, *inter alia*, Ventures had failed to establish its standing under Reyes-Toledo. However, the Circuit Court rejected Laurin's arguments, and entered its Order Confirming Sale, Judgment Confirming Sale, and Writ of Ejectment on October 26, 2017, and its Order Denying Relief on December 18, 2017.

On appeal, Laurin continues to assert that the underlying Foreclosure Judgment should have been set aside because Ventures had failed to establish its standing under Reyes-Toledo. However, given the Hawai'i Supreme Court's ruling in Wise, Laurin's failure to appeal from the Foreclosure Judgment precludes him from challenging Ventures's standing under the doctrine of *res judicata* in his appeal from the Judgment Confirming Sale and accompanying Writ of Ejectment. Wise, 130 Hawai'i at 17, 304 P.3d at 1198.

Furthermore, Laurin cannot rely on HRCP Rule 60(b)(4) to resurrect his argument that Ventures lacked standing.[4] See Nationstar Mortg. LLC v. Akepa Properties LLC, Nos. CAAP-15-0000407 and CAAP-15-0000727, 2017 WL 1401468 (Hawai'i App. Apr. 19, 2017) (SDO); Bank of America, N.A. v. Panzo, Nos. CAAP-14-0001356 and CAAP-15-0000660, 2017 WL 1194002 (Hawai'i App. Mar. 31, 2017) (SDO), reconsideration denied, Nos. CAAP-14-0001356 and

---

[4] On appeal, Laurin does not offer any separate argument pertaining to the Circuit Court's denial of his motion to set aside the entry of default against Laurin under HRCP Rule 55(c). Instead, Laurin only asserts that the Circuit Court erred in denying his Motion for Relief because Ventures lacked standing pursuant to Reyes-Toledo.

CAAP-15-0000660, 2017 WL 1753390 (Hawai'i App. May 4, 2017), cert. denied, SCWC-14-0001356, 2017 WL 4837872 (Oct. 26, 2017).

**II. Laurin is not entitled to relief under HRCP Rule 60(b)(6) because there are no "extraordinary circumstances" that prevented him from appealing the Foreclosure Judgment.**

Laurin further contends that the Circuit Court abused its discretion in denying his Motion for Relief because he was entitled to relief under HRCP Rule 60(b)(6) for his prior counsel's alleged negligence during the Foreclosure Judgment proceedings. However, "a party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run 'must establish the existence of "extraordinary circumstances" that prevented or rendered him unable to prosecute an appeal.'" Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 436, 16 P.3d 827, 841 (App. 2000) (citation omitted); see also Application of Hana Ranch Co., Ltd., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982) (noting that it is ordinarily not permissible to use HRCP Rule 60(b)(6) to remedy a failure to take an appeal).

Here, Laurin alleges that during the Foreclosure Judgment proceedings, he "relied on [prior] counsel to defend him, and counsel subsequently failed to answer the Complaint, attempt to set aside the subsequent default, or oppose [Plaintiff's MDJ/MSJ]." As such, Laurin asserts that he was then "left without counsel, without any arguments having been presented on his behalf, and without knowledge that a summary judgment hearing was scheduled just five days after his counsel's withdrawal." However, Laurin fails to explain how these circumstances prevented him from timely appealing from the Foreclosure Judgment.

Laurin's prior counsel filed his motion to withdraw on April 6, 2015, and served the motion on Laurin. A declaration by Laurin's prior counsel attested that "I have had a communication break-down with my client, which affects my ability to adequately represent and advise the client[,]" and that "[t]he client intends to move in a different direction than advised by

5

counsel."  The Circuit Court orally granted counsel's motion to withdraw at a hearing on April 29, 2015, and entered its "Order Granting Motion to Withdraw as Counsel" on May 8, 2015.  Laurin does not assert he was unaware of his prior counsel's withdrawal.

While Laurin maintains that his prior counsel neglected to inform him that Plaintiff's MDJ/MSJ had been filed, that an entry of default was entered against him, or even of the May 13, 2015 hearing on Plaintiff's MDJ/MSJ, Laurin does not dispute that he received notice of the Circuit Court's Order Granting MDJ/MSJ and entry of Foreclosure Judgment.[5]  The record indicates that Laurin received notice of the Circuit Court's ruling through the Circuit Court Clerk's "Notice of Entry of Judgment", filed on June 3, 2015, the same day the Order Granting MDJ/MSJ and Foreclosure Judgment were entered.  On June 14, 2015, eleven days after the Foreclosure Judgment was entered, Laurin filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawai'i, further evidencing that he was aware of the status of the Foreclosure Judgment proceedings, and yet did not file a timely appeal.[6]

Based on the foregoing, we conclude that Laurin has failed to establish extraordinary circumstances that prevented him from prosecuting an appeal of the Foreclosure Judgment, thus not warranting the extraordinary relief offered under HRCP Rule 60(b)(6).

---

[5]  In his "Declaration of Andrea Laurin" (**Laurin Declaration**) attached to Laurin's Motion for Relief, Laurin attests that in June 2015, he discovered that Plaintiff's motion for summary judgment had been granted and that foreclosure had been granted on the property. His own declaration thus establishes that Laurin had notice of the Circuit Court's Order Granting MDJ/MSJ and the Foreclosure Judgment, yet did not file a timely appeal.

[6]  As a result of Laurin's Bankruptcy petition in the United States Bankruptcy Court for the District of Hawai'i, the Circuit Court proceedings were stayed.  The stay was later lifted after the bankruptcy proceeding was dismissed.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

## III. The Circuit Court did not abuse its discretion in confirming the sale.

Laurin contends that the Circuit Court abused its discretion in entering its Order Confirming Sale because the price obtained in the underlying Commissioner's auction was grossly inadequate such that it "shocks the conscience". We disagree.

"The lower court's authority to confirm a judicial sale is a matter of equitable discretion", and the lower court should refuse to confirm a judicial sale where "the highest bid is so grossly inadequate as to shock the conscience[.]" Hoge v. Kane, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (1983). "In exercising its discretion, the court should act in the interest of fairness and prudence and with just regard for the rights of all concerned and the stability of judicial sales." Id. (citation omitted). "The exercise of discretion by the lower court judge will not be disturbed on appeal except for abuse." Brent v. Staveris Dev. Corp., 7 Haw. App. 40, 45, 741 P.2d 722, 726 (1987).

Here, the highest bid on the subject property was made by Ventures in the amount of $690,000. Laurin contends that the value of the subject property at the time of the hearing on the Motion for Confirmation was $976,200,[7] and thus the price obtained at the auction and confirmed by the Circuit Court would "ultimately result in substantial and inequitable harm to [himself]".

Laurin does not cite to any authenticated evidence that establishes the value of the property at $976,200 or that would establish the $690,000 sales prices as grossly inadequate such that it "shocks the conscience". Further, the record reflects that Laurin hindered the ability of the commissioner to market the property. In his report to the Circuit Court, the

---

[7] Laurin bases his estimate of the value of the subject property on an unauthenticated print out of what appears to be a 2017 County of Maui tax assessment information page, which was attached to his memorandum in opposition to Ventures's Motion for Confirmation.

commissioner reported that he had attempted to contact Laurin on multiple occasions to schedule a time to view the subject property and to schedule open houses. The commissioner indicated, however, that Laurin refused to cooperate in scheduling open houses, thus prompting Ventures to file "Plaintiff's Motion to Sell Real Property Without Open Houses and/or For Court Instruction" (**Motion to Sell Property Without Open Houses**), which the Circuit Court subsequently granted on November 25, 2016. The Commissioner then published on three separate dates, for general circulation in the County of Maui, an advertisement concerning the property, as well as the date, time and place for the public auction. The commissioner found that the winning bid of $690,000 was a "fair and reasonable price," and recommended the Circuit Court to confirm the sale of the subject property.

Laurin does not allege any defects, mismanagement, or any other acts by the commissioner which adversely affected the sales price obtained at the auction.

At the hearing on the Motion for Confirmation, the Circuit Court found there was nothing in the record to suggest that the price would shock the conscience. The Circuit Court determined the price to be within the range of reasonable, and specifically noted that Laurin had made a decision not to cooperate with the foreclosure sale process which "unfortunately, can adversely [affect] sale price."

Given the circumstances in this case, we conclude the Circuit Court did not abuse its discretion in granting Ventures's Motion for Confirmation.

**IV. The Circuit Court did not abuse its discretion in granting Ventures's request for attorneys' fees and costs in its Order Confirming Sale.**

As to Laurin's fourth point of error, we conclude that the Circuit Court did not abuse its discretion in its award of attorneys' fees and costs to Ventures in its Order Confirming Sale. Laurin contends that the Circuit Court erred in granting

8

attorneys' fees and costs to Ventures because: (1) Ventures did not file a motion seeking attorneys' fees within fourteen days of the entry of the Foreclosure Judgment pursuant to HRCP Rule 54(d)(2)(B); and (2) Ventures did not cite any statute or rule which would entitle it to the attorneys' fees it sought, as required under HRCP Rule 54(d)(2)(B).

> HRCP Rule 54(d)(2)(B) provides:
>
> Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of an appealable order or judgment; must specify the judgment and the statute, rule, <u>or other grounds</u> entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

(Emphasis added).

In Plaintiff's MDJ/MSJ, Ventures requested: "A money judgment, pursuant to the terms of the Note and Mortgage, and that sum of money, including all advances, <u>costs, expenses, and attorneys' fees</u>, [that] is declared to be a valid judgment against [Laurin]". (Emphasis added). Thus, Ventures's request for attorneys' fees and costs was timely under HRCP Rule 54(d)(2)(B), as it was made as part of the motion for summary judgment. In its Order Granting MDJ/MSJ, the Circuit Court explicitly ordered that a further hearing would be held to determine, *inter alia*, "the amount of the Commissioner's fee and the amount of the Attorneys' fees." Further, Ventures relied on the terms of the note and mortgage as the basis for its request for attorneys' fees and costs.[8] In sum, the Circuit Court did not abuse its discretion in its award of attorneys' fees and costs.

---

[8] The promissory note executed by Laurin and dated November 17, 2005, states in relevant part, that "the Note Holder will have the right to be paid back by [Laurin] for all of its costs and expenses in enforcing this Note . . . includ[ing], for example, reasonable attorneys' fees."

Therefore, we affirm the following that were entered by the Circuit Court of the Second Circuit:

(1) "Judgment", filed on October 26, 2017;

(2) "Writ of Ejectment", filed on October 26, 2017; and

(3) "Order Denying Defendant Andrea Laurin's HRCP 55(c) and 60(b) Motion to Set Aside Default and For Relief From Foreclosure Judgments", filed on December 18, 2017.

DATED: Honolulu, Hawai'i, June 26, 2019.

On the briefs:

Gary Victor Dubin,
Katherine S. Belford,
for Defendant-Appellant.

Karyn A. Doi,
Lansen H.G. Leu,
(Leu Okuda & Doi)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge